IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| ROBERT MACLAREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 6:16-CV-1271-LSC |
| | ) | |
| NANCY BERRYHILL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

## I.  Introduction

The plaintiff, Robert Maclaren, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Maclaren timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Maclaren was forty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has an eleventh grade education and a GED. (Tr. at 50.) His past work experiences include employment as chiller

operator, poultry hanger, metal hanger in the manufactured home industry, over the road truck driver, window installer in the manufactured building industry, cabinet and trim installer in manufactured buildings, electronics technician in the military, table saw operator, pizza baker, and manager trainee in a restaurant. (Tr. at 51-53.) Mr. Maclaren claims that he became disabled on August 16, 2013, due to neck and back injury and arthritis. (Tr. at 54-55.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of

impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant

work.  *See Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled.  *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work.  *See Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g).  If the plaintiff cannot perform other work, the evaluator will find him disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Mr. Maclaren meets the non-disability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 31.) He further determined that Mr. Maclaren has not engaged in SGA since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's degenerative disc disease of the cervical spine with chronic cervicalgia; degenerative disc disease of the lumbar spine with chronic lumbago; and degenerative joint disease of the right shoulder are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, the judge found that these impairments neither meet nor are the medical

equivalent of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 32.) The ALJ then determined that the plaintiff has the RFC to perform sedentary work with significant postural and environmental restrictions; he can occasionally balance, stoop, kneel, or crouch; he can occasionally climb ramps and stairs; however, he is precluded from climbing ladders, ropes, or scaffolds; he is precluded from doing work that involves crawling, unprotected heights, and concentrated exposure to extreme heat and cold; he is limited to only occasional reaching/lifting with his non-dominant right upper extremity. (Tr. at 33.)

According to the ALJ, Mr. Maclaren is unable to perform any of his past relevant work. (Tr. at 36.) He is a "younger individual" and "has at least a high school education" as those terms are defined by the regulations. (*Id.*) Because Plaintiff cannot perform the full range of sedentary work, the ALJ enlisted a vocational expert ("VE") and used Medical-Vocational Rule 201.28 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as a spotter table worker, a check weigher, and a non-production assembler. (Tr. at 37.) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id.*)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the

proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Mr. Maclaren contends that the ALJ's decision should be reversed and remanded for two reasons. First, the plaintiff believes the ALJ improperly evaluated his subjective complaints. Second, the plaintiff contends that the Appeals Council erred by not considering MRI results submitted several months after the hearing decision.

### A. Evaluation of Subjective Complaints

The plaintiff asserts that the ALJ did not properly evaluate his subjective complaints with respect to the ALJ's consideration of his 2009 spinal MRI results. A disabling impairment can be established via subjective testimony of pain and

other symptoms when it is supported by medical evidence. *See Foote v. Chater*, 67

F.3d 1553, 1561 (11th Cir. 1995). To establish a disability based on subjective

symptoms and pain "[t]he pain standard requires, (1) evidence of an underlying

medical condition and either (2) objective medical evidence that confirms the

severity of the alleged pain arising from that condition or (3) that the objectively

determined medical condition is of such a severity that it can be reasonably

expected to give rise to the alleged pain." *Dyer*, 395 F.3d at 1210 (citing *Holt v.*

*Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

When the severity of symptoms is not supported by objective medical

evidence, the intensity and persistence of alleged symptoms must be evaluated. *See*

20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); *Wilson v. Barnhart*, 284 F.3d 1219,

1225-26 (11th Cir. 2002). During assessment, the ALJ considers the plaintiff's

testimony and any inconsistencies between the testimony of symptoms and any

other evidence. 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4). The ALJ is

permitted to discredit the claimant's subjective testimony of pain and other

symptoms if he articulates explicit and adequate reasons for doing so. *See generally*

*Wilson*, 284 F.3d at 1225; *see also* Social Security Ruling ("SSR") 96-7p, 1996 WL

374186 ("[T]he adjudicator must carefully consider the individual's statements

about symptoms with the rest of the relevant evidence in the case record in

reaching a conclusion about the credibility of the individual's statements."), *superseded by* SSR 16-3p.

The Eleventh Circuit does not require explicit findings regarding credibility but "the implication must be obvious to the reviewing court." *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1562). "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a broad rejection because this is "not enough to enable [the Court] to conclude that [the ALJ] considered the medical condition as a whole." (*Id.*)

In this case, Plaintiff claimed to have disabling back and neck injuries. (Tr. at 172.) The existence of injuries is confirmed in the record, specifically by two 2009 MRI reports of the lumbar spine and cervical spine respectively. (Tr. at 242-43.) However, while Plaintiff's MRI results document minimal, mild, and moderate findings and establish the existence of spinal impairments, "it is well established that it is the functional limitations from an impairment, and not the diagnosis of an impairment, that [are] determinative in an evaluation of disability." *Hollman v. Astrue*, 2010 WL 3361970, at *3 (M.D. Fla. Aug. 25, 2010); *see also Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard"); *McCruter v. Bowen*, 791 F.2d

1544, 1547 (11th Cir. 1986) ("[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality.").

The relatively scant medical evidence in this case does not support a finding that Plaintiff's impairments were more limiting than the ALJ found. As the ALJ noted, the plaintiff's back pain was treated conservatively with pain medication during the relevant period. (Tr. at 57, 246.) Plaintiff received only two epidural injections as treatment for his neck and shoulder pain during the relevant time period. (Tr. at 213, 215.) Though Plaintiff alleges that he is still in pain, and that the epidural shots wear off after a few days, there is no objective medical evidence to corroborate these assertions. (Tr. at 35.) As the ALJ pointed out, physical examination findings after Plaintiff claims his disability began generally indicated tender lumbar paraspinal muscles with no joint swelling or abnormality, no joint instability, and normal range of motion throughout. (Tr. at 35, 248, 258). The Commissioner's regulations provide that clinical findings such as reduced joint motion, muscle spasm, sensory deficit, and motor disruption are "useful indicator[s] to assist [the ALJ] in making reasonable conclusions about the intensity and persistence of [a claimant's] symptoms and the effect those symptoms, such as

pain, may have on [his or her] ability to work." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Findings such as these "tend to lend credibility to an individual's allegations about pain or other symptoms and their functional effects." SSR 96-7p, 1996 WL 347186, *superseded by* SSR 16-3p. Plaintiff's medical records during the relevant period, however, do not document any such findings. (Tr. at 246-48, 256-58). Indeed, treatment notes dated August 15, 2013, the day before Plaintiff alleges he became disabled, do not indicate that Plaintiff complained of back or neck pain, and no musculoskeletal or neurological findings were recorded. (Tr. at 136, 143, 218-19).

In any event, the ALJ did not find that Plaintiff was completely pain free or dismiss all of his subjective complaints of pain. Rather, he found the complaints supported to the extent they were consistent with the plaintiff's ability to perform a reduced range of sedentary work. *See* Tr. at 35 ("I have given the claimant the benefit of doubt and more than fully accounted for his credible symptoms and limitations by limiting him to sedentary work with significant postural and environmental restrictions. I have accounted for his right shoulder by limiting him to occasional overhead reaching/lifting on the right.").

Considering the foregoing, the Court discerns no error in the ALJ's credibility finding.

**B.      Additional Evidence Submitted to Appeals Council**

With few exceptions, a social security disability claimant is entitled to present new evidence at each stage of the administrative process. The Social Security Appeals Council must consider new, material and chronologically relevant evidence and must review the case if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *Ingram v. Commissioner*, 496 F.3d 1253, 1258 (11th Cir. 2007). When reviewing the Commissioner's decision to deny Social Security benefits, "[A] federal district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council." *Id.* Specifically, when the Appeals Council denies review of newly submitted evidence, a reviewing court must determine "whether the new evidence renders the denial of benefits," and ultimately the ALJ's decision, erroneous and unsupported by substantial evidence. *Id.* at 1261-63.

In this case, the ALJ's decision denying Plaintiff disability benefits was entered on April 8, 2015. Plaintiff sought review of the decision by the Appeals Council, submitting an MRI report dated September 3, 2015, as additional evidence. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. at 2.) The Appeals Council determined that the MRI report

pertained to a different time period and did not affect the validity of the ALJ's findings. (*Id.*)

The September 3, 2015, MRI report compared Plaintiff's then-current condition to his condition noted in a 2009 MRI Report. (Tr. at 9.) Specifically, the September 3, 2015, MRI report notes:

Findings:

Comparison 5/27/2009. Numbering will assume 5 lumbar type vertebral bodies as on the previous examination. Using this numbering system, axial images begin in the L1 vertebral body.

L1-L2: A mixture of chronic and more acute appearing reactive endplate changes are present anteriorly, more than on the previous examination. A diffuse bulge osteophyte complex and minimal retrolisthesis contribute to mild thecal sac narrowing, similar in magnitude compared to the previous examination. Mild right foraminal narrowing.

L2-L3: Mild edematous reactive endplate changes are new at the left side of the L3 upper endplate. A small diffuse disc bulge is present. Small superimposed right paracentral protrusion is new. There is mild thecal sac narrowing. There is mild bilateral foraminal narrowing. Mild facet DJD.

L3-L4: Small diffuse bulge mildly narrows the thecal sac. The disc bulge is slightly smaller in a craniocaudad dimension than on the previous examination. Mild facet DJD. There is mild—moderate left foraminal narrowing.

L4-L5: Small diffuse bulge mildly narrows the thecal sac, slightly worse on the left than the right. The disc bulge has a slightly different configuration than on the previous, but the overall magnitude of thecal sac narrowing is similar. Currently the disc bulge apex in the

13

let paracentral region lies near the origin of the left L5 nerve from the thecal sac. There is moderate bilateral foraminal narrowing. Foraminal narrowing is similar compared to the previous.

L5S1: Minimal facet DJD. Small left bulge causes mild narrowing.

Impression:

Disc and facet degenerative changes with thecal sac and foraminal narrowing as described above.

(*Id.*)

Because Plaintiff has not established that the September 3, 2015, MRI report constitutes new, chronologically relevant, and material evidence, the Appeals Council was not required to consider it. As an initial matter, although the Appeals Council did not provide a more thorough analysis regarding its decision, it is not required to provide a detailed discussion of new evidence when denying a request for review. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 784 (11th Cir. 2014). Further, even assuming the MRI evidence is new and chronologically relevant, it is not "material." *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998) (explaining that "material evidence" is "such that a reasonable possibility exists that the new evidence would change the administrative result."). The new MRI report does not demonstrate that Plaintiff has more restrictive functional limitations than those found by the ALJ. *See Moore*, 405 F.3d at 1213 n.6 ("The mere existence of [] impairments does not reveal the extent to which they limit [one's] ability to work

or undermine the ALJ's determination in that regard."); *McCruter*, 791 F.2d at 1547 ("[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."). The Appeals Council did not err in refusing to review the ALJ's decision.

## IV. Conclusion

Upon review of the administrative record, and considering all of Mr. Maclaren's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON AUGUST 14, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704